In the Matter of J. M. and M. M.,
minors under the age of
eighteen (18) years.

Nos. 3219 and 3229.

Supreme Court of Alaska.

Jan. 27, 1978.

As Amended March 21, 1978.

M. P. Evans, Anchorage, for appellant in Case No. 3219.

Max F. Gruenberg, Jr., Anchorage, for appellant in Case No. 3229.

David T. LeBlond, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE, and MATTHEWS, JJ.

## OPINION

PER CURIAM.

These appeals are from two orders of the superior court which resulted in the state assuming custody of J. M. and M. M., pursuant to AS 47.10.010(a)(5).[1] The appeal in case number 3219 is brought by the children's mother; in number 3229, by the children through their guardian ad litem.

On April 26, 1976, a petition of alleged dependency was filed in the matter of J. M. and M. M., who were then six and five years old, respectively. The petition alleged that the children lacked proper parental care by reason of the faults, habit or neglect of their parent,[2] and more specifically, that their mother was unable to provide the children with a stable home life and that she had left them unsupervised on numerous occasions. The petition further alleged that their father was able to provide neither a home nor financial support for the children.

On the basis of this petition and the mother's consent, the superior court entered a temporary custody order on May 3, 1976, nunc pro tunc to April 26, placing the children in the state's custody. Following a hearing, the special master recommended that the petition be dismissed on the grounds that it was unverified and that it failed to state a cause of action. The superior court disapproved the special master's recommendation because the state and the guardian ad litem had not been given sufficient time in which to respond to the mother's motion to dismiss. The petition was amended[3] and at a subsequent hearing before a master, the guardian ad litem argued that AS 47.10.010(a)(5) was unconstitutional on grounds of vagueness and overbreadth. The master recommended that both the mother's and the children's motions to dismiss be denied.

A dispositional hearing was held in the superior court on October 25, 1976. The court ruled that the statute was constitutional and that the amended petition was

---

1. Prior to its repeal, AS 47.10.010(a)(5) read as follows:

 "Sec. 47.10.010 Jurisdiction
 (a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the minor

 . . . . .

 (5) lacks proper parental care by reason of the faults, habit or neglect of his parent, guardian or custodian;

 . . . ."

 While these appeals were pending, AS 47.10.010(a) was repealed and reenacted in pertinent part as follows:

 "(a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the court finds the minor

 . . . . .

 (2) to be a child in need of aid as a result of

 . . . . .

 (C) the child having suffered substantial physical harm or if there is an imminent and substantial risk that the child will suffer such harm as a result of the actions done by or conditions created by his parent, guardian or custodian or the failure of his parent, guardian or custodian adequately to supervise him;

 . . . ."

 The new law was approved by the Governor on May 28, 1977, and became effective on August 26, 1977.

2. AS 47.10.010(a)(5).

3. The petition, as amended on June 18, 1976, alleged, *inter alia*, that both parents "had and have severe drinking problems which have resulted in the abuse and neglect of the minor children"; that the mother had on several occasions left the home for periods ranging from two days to two weeks, leaving J. M. and M. M. in the care of their sixteen- and ten-year-old siblings; and that during one of the mother's absences, there was a fire in the home.

sufficient on its face. The parties then agreed that the children would be adjudged dependent, with legal custody in the Commissioner of Health and Social Services for a period of time not to exceed the children's 18th birthdays. The parties' rights to appeal were specifically preserved.

## I

In case number 3219, the mother claims that the trial court erred in failing to rule on the sufficiency of the original, April 26, petition before executing a temporary custody order. She also avers that the trial court ought to have granted her motion to dismiss because the petition as amended on June 18, 1976, failed to state clearly the grounds on which it was based, thereby failing to afford her adequate notice of the charges against her.

 We affirm the decision below and find that the trial court did not err in its treatment of the jurisdictional and sufficiency questions. The May 3, 1976, temporary custody order included a preliminary finding that the April 26 petition was verified and that it was sufficient on its face. That the mother later withdrew her consent did not deprive the court of jurisdiction, because jurisdiction was based on the court's finding that the April 26 petition was sufficient to state a cause of action, as well as on parental consent.

 The challenged amended petition alleged severe drinking problems, prolonged absences from the home without suitable arrangements for the care of the children, and a fire in the home during one of the

mother's absences. While this petition did contain some irrelevant material and did not explicitly draw the connection between the acts alleged and harm to the children, we believe that the mother could understand the basic nature of the case which the state intended to present.[4] We, therefore, find no error in the trial court's ruling on this issue.

## II

 In case number 3229, the children's guardian ad litem challenges the constitutionality of the statute under which these children were found to be dependent. However, the children's law has undergone major revision[5] since the filing of these appeals and we find that most of the guardian ad litem's objections to the old law have been rendered moot by the enactment of the new. We do not find that this case presents questions "capable of repetition yet evading review." *In Matter of G. M. B.*, 483 P.2d 1006, 1008 (Alaska 1971). The new law provides for review of custody orders annually or more often if good cause is shown.[6] We believe that the repeal of the dependency statute and the adoption of a statute with significantly stricter standards constitutes good cause for review. Therefore, in order to provide guidance to the superior court for the administration of juvenile justice, we state that children adjudged dependent under the standards of AS 47.10.010(a)(5) prior to its repeal are entitled on request, to an adjudicative hearing under the standards of the newly-enacted AS 47.10.010(a)(2)(C). We further hold that all cases pending at the time of the

---

4. The mother did not allege that she did not in fact understand the nature of the charges against her.

5. See note 1, *supra.*

6. AS 47.10.080(f) provides as follows:
 "(f) A minor found to be delinquent or a child in need of aid is a ward of the state as long as he is committed to the department or the department has the power to supervise his actions. The court shall review an order made under (b) or (c)(1) or (2) of this section annually, and may review the order more frequently to determine if continued place-

ment, probation, or supervision, as it is being provided, is in the best interest of the minor and the public. The department, the minor, the minor's parents, guardian, or custodian are entitled when good cause is shown, to a review on application. If the application is granted, the court shall afford these parties and their counsel reasonable notice in advance of the review and hold a hearing where these parties and their counsel shall be afforded an opportunity to be heard. The minor shall be afforded the opportunity to be present at the review."

enactment of the new statute are entitled to hearing under the new, rather than the old, standards.[7]

As to the case of J. M. and M. M., appellants herein, we remand to the superior court with instructions to review this case under the standards of the new law, AS 47.10.010(a)(2)(C).

REMANDED.

---

7. On oral argument of this matter, counsel for the state agreed that the new statutory standards should be applied in all on-going proceedings. In cases of children already committed to the state's custody under the old standards, he suggested that a motion to dismiss, a request for review "for good cause shown," or annual review would be acceptable methods for invoking a new hearing on the matter under the new statutory standards.